UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SGS TOOLS CO., et al., | ) | CASE NO.:  5:04CV1315 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER AND DECISION** |
| | ) | |
| STEP TOOLS UNLIMITED, INC., d/b/a | ) | |
| DESTINY TOOL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the Court on Motion by Plaintiffs SGS Tools Company and Dauphin Precision Tool, LLC, to dismiss their complaint with prejudice and to dismiss Defendant Step Tools Unlimited, Inc.'s counterclaim for lack of declaratory judgment jurisdiction.  Defendant has filed an opposition to the motion and requests that this Court rule on its motion for summary judgment regarding the validity of Plaintiffs' patent.  The Court notes that Defendant's counterclaim only requests a declaratory judgment of patent invalidity and makes no other requests for relief.

Under the Declaratory Judgment Act of 1934, in order for a district court to have jurisdiction over a claim for declaratory judgment, there must be a controversy between the parties that is appropriate for judicial determination.  *Aetna Life Ins. Co. of Hartford, Conn., v. Haworth,* 300 U.S. 227, 240 (1937).  The controversy must be one that is "definite and concrete, touching the legal relations of parties having adverse legal interests."  *Id.,* 240-41.  The determination of whether an actual controversy exists is a question of law.  *Shell Oil Co. v. Amoco Corp.,* 970 F.2d 885, 888 (Fed. Cir. 1992).

In cases involving the declaration of patent rights, there is a two-point test set out in *BP Chems. Ltd. v. Union Carbide Corp.,* 4 F.3d 975, 978 (Fed. Cir. 1993), which states, "[t]here must be both (1) an explicit threat or other action by the patentee, which creates a reasonable apprehension on the part of the declaratory plaintiff that it will face an infringement suit, and (2) present activity which could constitute infringement or concrete steps taken with the intent to conduct such activity." *BP Chems.,* 4 F.3d at 978. The purpose of this test is to determine whether there exists a real and immediate need for a court to address the issue or if the threat is prospective and uncertain to occur. *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 239-41 (1937). Additionally, the controversy must exist not only at the time of filing the action but also "at all stages of review." *Preiser v. Newkirk,* 422 U.S. 395, 401 (1975). Once challenged, the burden to demonstrate that jurisdiction exists falls on the party asserting the declaratory judgment claim. *Super Sack Manufacturing Corp. v. Chase Packaging Corp.,* 57 F.3d 1054, 1058 (Fed. Cir. 1995). When deciding the issue, a district court must look to the totality of the circumstances. *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273 (1941).

Plaintiff cites to *Super Sack* in support of their motion to dismiss the counterclaim. In *Super Sack*, the plaintiff unconditionally agreed to not sue the defendant for infringement in its filings to the court and moved to dismiss the defendant's declaratory judgment action for patent invalidity based on a lack of a justiciable controversy. *Super Sack,* 57 F.3d at 1058. The court stated that "to establish jurisdiction over its declaratory judgment action [the defendant must demonstrate that the claim] existed at, and has continued since, the time the [counterclaim] was filed." *Id.,* at 1058

(internal quotations and citations omitted).  The court further held that "a patentee defending against an action for a declaratory judgment of invalidity can divest the trial court of jurisdiction over the case by filing a covenant not to assert the patent at issue against the putative infringer with respect to any of its past, present, or future acts . . . ." *Id.*  The declaratory judgment claim was found to be properly dismissed for lack of an actual controversy.  *Id.*

In the case at bar, Plaintiffs have stated that "they will not assert U.S. Patent No. 5,049,009 against Defendant with respect to any past, present, or future acts" and dismissed with prejudice their action for infringement.  (Doc. #34, p. 1).  Additionally, in the opposition, Defendant appears to admit that Plaintiff's Motion divests the Court of jurisdiction when it stated, "Destiny's counterclaim (as currently pled cannot stand on its own for independent adjudication . . . ."  (Doc. #42, p. 10).  Therefore, based on  the court's holding in *Super Sack* and by Defendant's own admission, it appears that Plaintiffs have divested this court of declaratory jurisdiction by removing the controversy.

Defendant claims, however, that the action should not be dismissed based on Fed. R. Civ. P. 41 because: (1) the counterclaim was filed prior to the motion to dismiss; and (2) it objects to the dismissal.  Rule 41(a)(2) states:

> Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's insistence save upon order of the court and upon such terms and conditions as the court deems proper.  If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objections unless the counterclaim can remain pending for independent adjudication by the court.  Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Defendant cites to *Lackner Co. v. Quehl Sign Co.,* 145 F.2d 932 (6th Cir. 1944), in support of its argument.  In *Lackner,* the plaintiff offered in open court to give the defendant a free paid-up license under the patent and consented to dismissal of the complaint and counterclaim with prejudice.  *Id.* at 933.  The court found that dismissal was not appropriate based upon Rule 41.  *Id.* at 934.  In the present action, no license was offered.  Plaintiffs made a covenant that they would not assert the patent against the Defendant for any past, present or future acts.  Therefore, the instant case is factually distinguishable from *Lackner.*  Additionally, the question of whether this Court has jurisdiction is one of Constitutional dimension and cannot be trumped by the Federal Rules.  *Ciber, Inc. v. Ciber Consulting, Inc.*, 326 F.Supp.2d 886, 892 (N.D. Ill. 2004).  To construe Rule 41 in such a manner "would conflict with the mandates of Article III."  *Id.*

      Defendant also argues that the action should not be dismissed because it would suffer prejudice due to the length of time the action has been pending and the money that has been expended in defending the infringement action.  However, Defendant cites to no controlling case law that supports the proposition that this would create an exception to the above rule.  As such, its argument is without merit.

      Defendant lastly argues that if the Court were to grant Plaintiffs motions, it should impose condition that "are just," such as entering judgment on Plaintiffs' claims for Defendant, awarding costs and attorney fees, require Plaintiff to provide a written covenant not to sue, and grant judgment for Defendant on its counterclaim or allow it to amend the claim to assert a claim that would not be barred.  The Court, however, finds that it may not grant judgment for the Defendant on either claim because it has been stripped of subject-matter jurisdiction for lack of an actual controversy as stated above.

Also, because Plaintiffs have made a covenant not to assert the patent against the Defendant through its attorneys in a filing before this Court, they are prevented by the doctrines of collateral estoppel and *res judicata* from asserting such a claim against Defendant in the future.  Additionally, the awarding of costs and attorney fees is at the discretion of this Court and, without a judgment in favor of the Defendant, it cannot be found to be a prevailing party in this action.  Thus, attorney fees and costs would be inappropriate at this time.  Finally, because the action has been pending for over two years, Defendant has had ample opportunity to amend the counterclaim to assert a claim other than one for declaratory judgment and has chosen not to do so within the time allotted by this Court.  It is noted that Defendant's opposition states that it discovered evidence of other claims it could make against Plaintiff during discovery from January through July of 2005.  The Court finds that, at this time, it would be inappropriate to allow an amendment to be made.

Based on the above, the Court DISMISSES Plaintiffs' Complaint with prejudice and DISMISSES Defendant's counterclaim without prejudice.  The above action is therefore dismissed in its entirety.

So ordered.

Date: September 29, 2006

    *s/ Judge John R. Adams*
    JUDGE JOHN R. ADAMS
    UNITED STATES DISTRICT COURT